O’Neall, J.
The defendant neglected to file exceptions to the Master’s report, within the twenty-sixth rule of Court; at the succeeding Court he moved the Chancellor for leave to file exceptions, but made no affidavit, setting out the causes why they had not been filed : the Chancellor refused the motion and confirmed the report. This is an appeal from his decree, on a great variety of grounds, arising out of the manner in which the Master has stated and made up the accounts. But in the view which we have taken of the case, it will only be necessary to consider that which questions the correctness of the Chancellor’s decision, on the motion for leave to file exceptions. For if the Chancellor’s decision was correct in that respect, it is useless to talk about errors in the Master’s report on the accounts. They can only be brought regularly to the view of the Court by exceptions. Were we now to notice them, when they were not presented as exceptions regularly filed to the Master’s report before the Chancellor, we should, in effect, abolish the settled practice of the Court. It is better, therefore, that injustice should even be done, than that we should unsettle a practice as old as the Court of Equity itself. I have no doubt that on a proper case being made, the bM tbe Power, and would have ^permitted the exceptions to have been filed. But to have entitled the defendant to this indulgence, it was necessary that he should have- shown by affidavit, that he was prevented from filing the exceptions, by accident, mistake, or surprise. The case of Bowker v. Nickson, 3 Mad. Ch. Rep. 226, is an authority to this point. The Vice Chancellor, Sir John Leach, says— “ It is necessary objections should be taken to the draft of the report, before the party can except, in order that the Master may have an opportunity of reconsidering his opinion, and it is not' form, but substance ; but if, by accident or surprise, that has not been done, the Court will give the party leave to except. It is sworn by the attorney, that the clerk in Court did not send to him the warrant which had been served fixing a day for setting the draft of the report. If that be so, it would not be just to exclude the party from objecting to the report, because the clerk in Court was negligent. Let the clerk in Court make an affidavit that he *129 did not send the warrant to the attorney, or give him any communication of it. If such affidavit is produced, the plaintiff may take his motion, paying the costs of it, but if no such affidavit is produced, the motion must be dismissed with costs.
The practice in this State requires notice to be given of the report to the parties ; and in Charleston, the party dissatisfied is allowed ten days after notice, to file his exceptions. IJpon these being put in, the Master may, and ought to report-upon them, sustaining or overruling them. If objections to the draft of the report are matters of substance and not of form, the exceptions are also, for the very same reason, matter of substance and not of form. They ought to be filed with the Master, within the time limited by the rule of the Court, in order to give him the opportunity of recording his opinion, before the Court is called on to pass upon it. If they are not filed within the rule, the party in default can only be relieved from the consequences of his neglect by showing on oath that he was prevented from filing them, by accident, mistake, or surprise.
The defendant’s solicitor had ample notice of the report, and abundant time afforded to him, to put in his exceptions* — none were filed, and at Court, he moved for leave to file his exceptions without stating a ease which made out either accident, mistake or surprise. The plaintiff’s counsel insisted on his legal advantage, and I think the Chancellor was right in refusing the motion and confirming the report.
It is therefore ordered and decreed that the Chancellor’s decree be affirmed.
Johnson and Earle, Js., concurred.
Hunt, for the defendant.